IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAYLA MONEY, | ) | 8:13CV16 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES MARSHALS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint in this matter on January 10, 2013. (Filing No. 1.) Plaintiff was previously given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

## I.  SUMMARY OF COMPLAINT

Plaintiff filed her Complaint in this matter against the United States Marshal's Service. (Filing No. 1 at CM/ECF p. 1.) In the Complaint, Plaintiff alleges that on December 17, 2012, officers from the United States Marshal's Service and the Sarpy County Police Department entered a home she was visiting to arrest a third party. Following the arrest of the third party, an officer asked Plaintiff's name, Plaintiff identified herself, and then she was also arrested. (*Id*. at CM/ECF p. 2.) Thereafter, officers transported her to Sarpy County Jail. She was ultimately charged with accessory to possession of a firearm by a prohibited person. (*Id.*) Plaintiff challenges the lawfulness of the arrest and the charge on the grounds that "[t]here were no firearms in or around the home where [she] was arrested" and "[n]o other parties, including tenants of the apartment, were taken into custody." (*Id.* at CM/ECF p. 3.) Plaintiff seeks unspecified equitable and monetary relief. (*Id.* at CM/ECF p. 4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff challenges the validity of her arrest and the criminal charges that she faces. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that

if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed. Accordingly, because Plaintiff challenges her arrest and incarceration as a result of the pending criminal charges, her claim is barred by *Heck*. The court will dismiss this action, but will do so without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that: Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 1st day of July, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3